IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HELEN PEARL SHEWMAKE, individually and as special administrator for the Estate of ELIC DAVID SHEWMAKE** ) ) ) ) | |
| Plaintiff, ) | Case No. 3:13-cv-01223-SCW-PMF |
| ) | |
| v. ) | |
| ) | |
| **AERCO INT'L INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**WILLIAMS, Magistrate Judge:**

### I. Introduction

Before the Court is Plaintiff's Motion to Remand (Doc. 129). Plaintiff originally filed this suit in the Circuit Court, Third Judicial Circuit, Madison County, Illinois on September 20, 2013 (Doc. 3-2). Defendant Crane Company filed a Notice of Removal in this Court on November 25, 2013 based on federal officer removal pursuant to 28 U.S.C. §§ 1442 (a)(1) and 1446 (Doc. 3).[1] On November 25, 2013, Boeing Co. timely joined Crane Co.'s Notice of Removal, also based on federal officer removal. (Doc. 5). Plaintiff filed the instant Motion to Remand on December 20, 2013, alleging that federal officer removal jurisdiction does not exist in this case because Crane Co. will be unable to prove the defense. (Doc. 129). Defendant Boeing Inc. filed a Response to Plaintiff's Motion on January 21, 2014. (Doc. 240). Crane Co. responded on January 24, 2014. (Doc. 258). For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 129) is **DENIED**.

---

[1] Although Doc. 3 reads "Entry Stricken" the Notice Striking that entry only refers to the exhibits, which were filed upside down. Crane Co. then re-filed their exhibits on January 10, 2014 at Doc. 208. The Court accepts the Notice of Removal at Doc. 3.

1

## II. Federal Officer Removal Standard

The federal officer removal statute is an exception to the well-pled complaint rule, which requires federal jurisdiction to arise on the face of the complaint. ***Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (citing *Mesa v. California*, 489 U.S. 121, 136 (1989))**. Section 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not apply to all of the claims. ***Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 844 (S.D. Ill. 2006)**. The claims not subject to the federal officer jurisdiction are subject to a type of ancillary jurisdiction. ***Futch*, 2007 WL 1752200 at \*4 (citing 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3727 (3d ed. 1998 & Supp. 2007))**.

As a general matter, the "federal officer removal statute is not 'narrow' or 'limited.'" ***Ruppel*, 701 F.3d at 1180 (quoting *Willingham v. Morgan*, 395 U.S. 402, 406 (1969))**. In order to sustain federal officer removal jurisdiction, the defendant "must show it was a (1) person (2) acting under the United States, its agencies, or is officers (3) that has been sued for or relating to any act under color of such office, and (4) has a colorable federal defense to the plaintiff's claim." ***Id.* at 1180-81 (internal quotations omitted).** The first three elements are not at issue in the instant motion, and discussion will therefore be limited to the fourth element: a colorable federal defense. In order to establish a colorable federal defense, a defendant merely needs to assert a "plausible" defense. ***Id.* at 1182.**

Specifically relating to Plaintiff's use of asbestos claim, "federal interests preempt state law duties and immunize defendants when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but

not to the United States." *Id.* at 1183 (quoting *Boyle v. United Technologies Corp.*, 487 U.S. 500, 511-12 (1988)).

As for Plaintiff's failure to warn claim: "the government contractor defense is applicable … when the defendant can show that: (1) the government exercised its discretion and approved certain warnings, which must go beyond merely rubber stamping the contractor's choice; (2) the contractor provided the warnings required by the government; and (3) the contractor warned the government about dangers in the equipment's use that were known to the contractor but not to the government." *Id.* at 1185 (internal quotations omitted).

### III.   Discussion

#### Use of Asbestos Claim

The parties do not appear to be disputing either of the first two elements of the federal officer removal defense as to either Crane Co. or Boeing. Plaintiff has not addressed the propriety of federal officer removal jurisdiction in the context of his use of asbestos claim (Doc. 129). However, Defendant Crane Co. notes in its brief that it has offered evidence satisfying each element of the federal contractor defense as to that claim, and that deciding that a colorable defense exists to that claim would bring the entire case within the ambit of federal officer jurisdiction. (Doc. 258). Crane Co. presented evidence that (1) the United States approved reasonably precise specifications, and (2) the valves Crane Co. in fact sold to the United States conformed to those specifications (Doc. 3-3, p. 2). *See also* (Doc. 3-4, ¶¶ 22-32). Crane Co. also submitted evidence that (3) Crane Co. was not aware of any dangers relating to asbestos use that were not known to the government (Doc. 3-13, p. 11) ("As early as 1922, the Navy recognized … the health hazards associated with airborne asbestos dust …"). The Seventh Circuit acknowledged a federal contractor defense to use of asbestos claims under similar factual circumstances. *See Ruppel*, 701 F.3d at 1184-85. Therefore, the Court finds that federal officer removal jurisdiction is proper in this case under § 1442(a)(1) as to

Plaintiff's use of asbestos claim. Furthermore, § 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not apply to all of the claims. **Alsup, 435 F.Supp.2d at 844.** Thus, federal officer removal jurisdiction is proper over the entire case, not just the use of asbestos claim.

As Defendant Boeing correctly points out, Plaintiff's Motion for Remand does not address Boeing's Joinder in the Notice of Removal. Nor did Plaintiff file a Reply to Boeing's Response to Plaintiff's Motion to Remand addressing their arguments. Boeing has likewise submitted evidence that the United States "was intimately involved in and exercised extensive control over the procurement, design, warnings, manufacture, assembly, testing and modification of the Military Aircraft. (Doc. 240-1) (Doc. 240-2). Boeing has further submitted evidence that they were not permitted to change plans, including warnings, without prior express review and authorization from the Government. (Doc. 240-1, ¶¶ 20-22); (Doc. 240-2, ¶ 7). Boeing further submitted evidence that certain components that allegedly contained asbestos were "Government Furnished Aircraft Equipment-Contractor Installed" ("GFAE-CI"), which were procured from separate original equipment manufacturers, and installed by Boeing pursuant to procurement contracts with the government. (Doc. 240-1, ¶¶ 12, 13, 15). Likewise, the Court finds that this evidence is sufficient to bring Plaintiff's use of asbestos claims under federal officer removal jurisdiction under the standard in **Ruppel.**

### Failure to Warn Claim

However, the Court also finds that federal officer removal jurisdiction is proper as to Plaintiff's failure to warn claim. Plaintiff makes a number of contentions attempting to counter this point (Doc. 115), but all fail. First, Plaintiff misstates the legal standard for a federal contractor defense to failure to warn claims, and mistakenly relies on the standard for use of asbestos claims (Doc. 115, p. 2). **See Ruppel, 701 F.3d at 1185.** Further, Plaintiff contends that Defendant Crane

4

Co.'s only evidence of "precise specifications on asbestos warnings to end-users" is "expert speculation." (Doc. 115 p. 2). Again, Plaintiff misstates the standard: Defendant Crane Co. does not need to show precise specifications, and therefore an alleged lack of evidence on that point is irrelevant.

Plaintiff also contends that Defendant Crane Co. has not shown a "conflict between its state law duty to provide adequate warnings to the users of its products and the conditions imposed on it pursuant to the agreements it entered into with the government." (Doc. 115 pp.5-6). Again, Plaintiff misstates the standard: Defendant Crane Co. does not need to show a conflict between state law and its contractual obligations to the federal government. Plaintiff attempts to side step the holding of the Seventh Circuit in *Ruppel*, and presents a number of contrary holdings from other circuits. However, the Seventh Circuit's opinion in *Ruppel* is binding on this Court. Plaintiff contends that "The *Rupple* (sic) court simply does not examine the evidence to determine if there was a conflict…" (Doc. 115, p. 19). However, the Seventh Circuit expressly rejected this contention in *Ruppel*: "The district court required and Ruppel incorrectly asserts that the government contractor defense requires the Navy to have precluded adequate warnings." **Ruppel, 701 F.3d at 1185, n.2.** Plaintiff may disagree with the Seventh Circuit's holding, but this Court is nevertheless bound by it.

Defendant Crane Co. has presented evidence that the Navy exercised its discretion and approved certain warnings: "[T]he Navy developed precise specifications as to the nature of any markings, communication or directions affixed to or made a part of any equipment supplied …" (Doc. 3-4, p. 24). Furthermore, the Navy conducted "word-by-word line edits" of technical manuals, including cautionary language (Doc. 3-4, pp. 24-25). Also, Defendant has asserted that its equipment adhered to the Navy's specifications (Doc. 3-3, p. 2). Finally, Defendant passes muster on the third element—which is identical to that for use of asbestos claims—because the

government had at least as much knowledge as Defendant regarding the dangers of asbestos (Doc. 3-3, p. 11).

Likewise, Boeing argues that the government had as much information or more about the risks of the asbestos in their products. Boeing has submitted evidence that the government supplied the allegedly asbestos containing parts and Boeing did not know the composition of these parts. (Doc. 240-1, ¶ 15). Additionally, Boeing has submitted evidence that it could not add, delete, or modify warnings on equipment. (Doc. 240-1, ¶ 22) (Doc. 240-2, ¶¶ 4-5). Defendants have both therefore presented a colorable federal defense to Plaintiff's failure to warn claim.

Plaintiff makes much of its unsupported assertion that Defendant Crane Co. has never successfully raised a federal contractor defense in response to a failure to warn claim (Doc. 115, p. 25). Defendant disagrees with this assertion (Doc. 241, p. 13), but this is irrelevant. Even assuming that Plaintiff is correct, the Seventh Circuit does not require that Defendant be able to ultimately prove the federal defense: the correct standard merely requires that Defendant present "a colorable federal defense." ***Ruppel*, 701 F.3d at 1180.** Defendant has done so in this case, and therefore Plaintiff's contention that Defendant has never successfully proven that defense is irrelevant. Plaintiff's Motion to Remand (Doc. 129) is therefore **DENIED**.

### IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 129) is **DENIED**.

**IT IS SO ORDERED.**
**DATE: May 30, 2014**                            */s/ Stephen C. Williams*
                                                  **STEPHEN C. WILLIAMS**
                                                  United States Magistrate Judge