IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HELEN PEARL SHEWMAKE, *Individually and as Special Administrator of the Estate of Elic David Shewmake*, <br><br> Plaintiff, <br><br> vs. <br><br> CLOW CORPORATION, *et al.*, <br><br> Defendants. | Case No. 13-cv-1223-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Renewed Motion for Remand (Doc. 1177) to which defendants McCord Corporation and Hennessy Industries, Inc. (hereinafter "Defendants") have responded (Doc. 1188). For the following reasons, the Court **GRANTS** the motion.

Plaintiff filed this case in the Third Judicial Circuit, Madison County, Illinois on September 13, 2013. On November 25, 2013, defendant Crane Co. removed (Doc. 3) the case based upon federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). On April 13, 2015 the Court dismissed defendant Crane Co. (Doc. 1191).

Plaintiff now argues this case should be remanded because "[t]here is no longer a federal statute or issue involved in this case, nor is there subject matter jurisdiction via a federal statute" (Doc. 1177, p. 3). Defendants argue the Court should retain jurisdiction because the Court and parties have expended significant time and resources on the case. Defendants note that this case has been pending in federal court for sixteen months and the parties have spent substantial time litigating Plaintiff's state law claims. The trial date in this Court is set for November 9, 2015,

and Plaintiff would be unlikely to get an expedited trial date in state court because Mr. Shewmake is now deceased. Defendants further contend they would be prejudiced by a remand. Specifically, under this Court's Case Management Order, the time for completing Plaintiff's fact witness depositions has passed and the parties have proceeded to expert discovery. If the case were remanded, a new scheduling order would allow Plaintiff to locate additional witnesses.

Elimination of the defendant justifying removal pursuant to 28 U.S.C. § 1442(a)(1) "does not oust the district court of jurisdiction." *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 159 (5th Cir. 1982); *see also Oyler v. Nat'l Guard Ass'n of the United States*, 743 F.2d 545 (7th Cir. 1984). However, "1442(a)(1), through its creation of an ancillary jurisdiction, confers discretion on the district court to decline to exercise continued jurisdiction over [the non-federal defendants'] claims once [the defendant justifying jurisdiction] dropped out of the case." *Id*. Whether the ancillary claims must be remanded "depends on considerations of comity, federalism, judicial economy, and fairness to litigants." *Futch v. AIG, Inc.*, 07-cv-402-GPM, 2007 WL 1752200, at *4 (S.D. Ill. Jun. 15, 2007) (citing 14C Wright, Miller, Cooper & Steinman, Federal Practice & Procedure § 3727). "Once this discretion to decline jurisdiction is exercised, the proper procedure is to remand the case under § 1447(c), for at this point the case becomes one 'removed improvidently and without jurisdiction.'" *IMFC Prof'l Servs.*, 676 F.2d at 159.

Here, the Court notes the resources spent on this case thus far. However, the Court finds the factors in favor of remand outweigh those against remand. Defendant Crane Co., the only basis for federal jurisdiction, has been dismissed from this case. The claims in this case are governed by state law, and Plaintiff's choice of forum is state court. The Court is not convinced that Defendants would be prejudiced upon remand with a new scheduling order, and Defendants

only speculate that a trial date would not be forthcoming.  Defendants can make their arguments for a more expedient scheduling order and trial date to the state court.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Renewed Motion for Remand (Doc. 1177) and **REMANDS** this case to the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:** May 16, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
